# DUNAWAY v. UNITED STATES.
## No. 3712.

United States Court of Appeals
Tenth Circuit.
Sept. 15, 1948.

Howard F. McCue and Roy N. McCue, both of Topeka, Kan., for appellant.

Randolph Carpenter, U. S. Atty., and Philip A. Dergance, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, Chief Judge, MURRAH, Circuit Judge, and SAVAGE, District Judge.

SAVAGE, District Judge.

The appellant, Dunaway, prosecutes this appeal from the judgment of the United States District Court for the District of Kansas denying his motion to vacate judgment and sentence and to enter a judgment nunc pro tunc modifying the sentence.

By information filed by the United States attorney, Dunaway was charged in Count 1 with breaking and entering a building owned by the United States and situated on lands under the exclusive jurisdiction of the United States, with the intent to commit larceny and in Count 2 with stealing and carrying away from such building $48 in money, both in violation of Section 21-520, Gen.Stat. of Kan.1935. The Kansas penal statute was deemed applicable under the Assimilative Crimes Act, 18 U.S.C.A. 468,[1] on the theory that the acts informed against were not made penal by any laws of Congress. Upon a plea of guilty, he was sentenced to a term of five years on Count 1 and five years on Count 2, to run concurrently.

Dunaway challenges the validity of the sentence contending that the Assimilative Crimes Act is inapplicable because the acts charged in both counts of the information are comprehended and made penal by the federal larceny statute, 18 U.S.C.A. 466,[2] which provides for a maximum punishment of one year for the crime committed.

The Assimilative Crimes Act makes the state penal laws of the state in which a federal enclave is situated applicable to any act or thing done in such enclave if such act or thing is not made penal by any laws of Congress. See Williams v. United States, 327 U.S. 711, 66 S.Ct. 778, 90 L.Ed. 962. The federal larceny statute, 18 U.S.C.A. 466, provides in material part that:

"Whoever shall take and carry away, with intent to steal or purloin, any personal property of another, shall be punished as follows: If the property taken is of a value exceeding $50, or is taken from the person of another, by a fine of not more than $10,000, or imprisonment for not more than ten years, or both; in all other cases, by a fine of not more than $1,000, or by imprisonment not more than one year, or both. * * *"

The question for decision is whether the foregoing language is broad enough to embrace the offense of burglary laid in Count 1 of the information.

■ The common law offense of burglary is the breaking and entering, in the nighttime, of the dwelling house of another, with intent to commit a felony therein. 9 Am.Jur. 239, Sec. 2. The breaking and entering of a building of the type described in the information in this case was not a burglary at common law. United States v. Paul, 6 Pet. 141, 31 U.S. 141, 8 L.Ed 348. It was created a burglary in the second degree by Sec. 21-520, Gen.Stat. of Kan.1935, which makes it an offense to break and enter in the nighttime "any shop, store, booth, tent, warehouse, or other building * * * in which there shall be at the time * * * any goods, wares, or merchandise, or other valuable thing kept or deposited * * * with the intent to steal or commit any felony therein * * *."

■ The federal larceny statute penalizes only the taking and carrying away, with intent to steal, any personal property of another. The crime of burglary is complete with the act of breaking and entering the building with intent to steal although the intended theft may be frustrated or abandoned. The taking and carrying away of the goods of another are essential elements of the offense of larceny, while the breaking and entering of a building in the nighttime are not requisite ingredients of such offense. Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153. Thus, burglary and larceny are two separate and distinct offenses and a conviction may be had for both although committed in the same transaction. Morgan v. Devine, supra.

■ The offense defined in 18 U.S. C.A. 466 is larceny. The statute cannot be construed to include the crime of burglary. The Congress of the United States has not penalized burglary of the kind and degree charged in Count 1 of the information and the Kansas statute is applicable under the Assimilative Crimes Act. It follows that the five year sentence imposed on Count 1 is legal and must stand.

■ Count 2 charges the offense of larceny, which has been made penal by the laws of Congress. Since the offense is covered by a federal statute, the Assimilative Crimes Act does not bring the Kansas

---

[1] In 1948 Revision, 18 U.S.C.A. § 13.

[2] In 1948 Revision, 18 U.S.C.A. § 661.

penal statute into play. The five year sentence imposed on Count 2 is excessive and should be modified so as not to exceed the maximum punishment permitted by 18 U.S.C.A. 466.

Affirmed as to the first count; reversed as to the second count with instructions to correct the sentence in conformity with the views expressed herein.