UNITED STATES of America ex rel. John ROSS, Petitioner-Appellant,

v.

J. E. LaVALLEE, Warden of Clinton Prison, Dannemora, New York, Respondent-Appellee.

No. 152, Docket 29040.

United States Court of Appeals Second Circuit.

Argued Nov. 12, 1964.

Decided Feb. 23, 1965.

Bruce McM. Wright, New York City (William C. Chance, Jr., and Malcolm C. McFadden, New York City, on the brief), for petitioner-appellant.

Lillian Z. Cohen, Deputy Asst. Atty. Gen., New York City (Louis J. Lefkowitz, Atty. Gen. of the State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., and Iris Steel, Deputy Asst. Atty. Gen., New York City, on the brief), for respondent-appellee.

Before LUMBARD, Chief Judge, and SWAN and WATERMAN, Circuit Judges.

LUMBARD, Chief Judge:

█ By our permission, John Ross appeals from a denial of his application for habeas corpus by the District Court for the Northern District of New York, 28 U.S.C. §§ 2243, 2253. Ross is currently serving a seven and one-half to fifteen-year sentence for violation of New York's narcotics laws. He argues that his conviction is invalid because (1) his arrest was brought about solely on the basis of wiretap evidence and (2) the charges against seven others named in the same indictment were dismissed on motion of the government and this required dismissal of the charges against him, relying on Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). We find Ross' contentions to be without merit, and affirm the judgment of the district court.[1]

There is no disagreement over what the state proved as Ross did not testify at the trial and offered no evidence. On the basis of wiretaps secured pursuant to an order of a justice of the New York Supreme Court, the New York City police learned that a narcotics transaction would take place at the time and place Ross was arrested. Ross and another man, Savoca, were observed by detectives entering a parked car belonging to Savoca's mother on East Second Street in Manhattan. Savoca crouched down and then handed Ross a white package. The defendant left the car with the package and was then arrested. He was carrying two plastic bags which contained, by his admission and by police laboratory analysis, one kilogram of virtually pure heroin.

█ Ross first argues that the seizure of the heroin was in violation of his statutory rights under § 605 of the Communications Act, 47 U.S.C. § 605, as the information which formed the basis of the "stake-out" culminating in his arrest without a warrant and the seizure of the narcotics was derived from a wiretap.[2] Ross lacks standing to present any argument under § 605. There is nothing on the record to indicate, nor does Ross allege, that his phone was tapped, or that he was a party to a tapped conversation. It is well established that only a party to a tapped conversation may complain that its disclosure violates § 605. Goldstein v. United States, 316 U.S. 114, 62 S.Ct. 1000, 86 L.Ed. 1312 (1942); United States v. Tane, 329 F.2d 848, 852, (2 Cir. 1964); see also United States v. Lee Wan Nam, 274 F.2d 863, 865 (2 Cir. 1960). Thus Ross may not be heard to complain of an alleged violation of § 605.

█ Ross was indicted along with seven others (including Savoca), who allegedly had been seen at the car prior to Ross' appearance or had had some

---

1. We are not considering Ross' contention that certain post-arrest statements made by him were wrongly admitted at his trial, as he did not raise this point in the district court. United States ex rel. Krzywosz v. Wilkins, 336 F.2d 509 (2 Cir. 1964).

2. As necessary arguments on his appeal, Ross argues that the "fruit" of wiretaps (here the one kilogram of heroin) may not be introduced as evidence, and challenges the vitality of Schwartz v. State of Texas, 344 U.S. 199, 73 S.Ct. 232, 97 L.Ed. 231 (1953). In view of our disposition of the case, we need not reach these issues.

other connection with the transaction. As Ross was the only defendant found with narcotics in his possession, the District Attorney of New York County moved to sever Ross' trial from that of his co-defendants and then moved to have the indictment dismissed as to all but Ross on the ground that in order to secure convictions in the cases of the others, he would have to divulge the contents of the wiretaps, and this would constitute a violation of § 605 of the Communications Act. See Pugach v. Dollinger, 277 F.2d 739 (2 Cir. 1960), affirmed, 365 U.S. 458, 81 S.Ct. 650, 5 L.Ed. 2d 678 (1961); Benanti v. United States, 355 U.S. 96, 78 S.Ct. 155, 2 L.Ed.2d 126 (1957). Both motions were granted.

Ross, citing Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822 (1963), urges that his conviction should be set aside because of the dismissal of the indictment against the others. In support of this proposition, he points out that in Noia's habeas corpus case, the Supreme Court was impelled to grant Noia relief because his co-defendants had managed to secure their release by arguing on their appeal and in subsequent federal court proceedings that coerced confessions had been used against them at trial—while Noia had chosen not to prosecute any appeal. 372 U.S. at 441, 83 S.Ct. 822.

We find no parallel between Noia's case and Ross'. Noia's case differed from that of his released co-defendants only in that Noia had previously waived his available remedy. The federal courts provided him with a new one. When it came to the merits of Noia's claim of error, the Supreme Court was quick to remind us that "Noia's case stands on its own * * *." Id. The result in Ross' case differed from that of his co-defendants because the prosecution, for good reasons, felt it could properly prove the charges against Ross but not his co-defendants. There is no denial of a remedy to Ross which was open to his co-defendants.

█ It is well settled as to federal and state criminal proceedings that the decision of the government to prosecute in one case and to refrain from prosecuting in others generally does not require reversal of a conviction (United States v. Rickenbacker, 309 F.2d 462 (2 Cir. 1962), cert. denied, 371 U.S. 962, 83 S.Ct. 542, 9 L.Ed.2d 509 (1963), and cases cited therein; Caroli v. Saxl, 192 Misc. 887, 81 N.Y.S.2d 213 (Sup.Ct.1948), especially where the prosecutor has a reasonable basis for the distinction he makes—here because prosecution of the others would amount to a violation of federal law. The happenstance that, under rules of law, there is enough evidence to prosecute one man and not another, although both may be equally guilty, has never been recognized as a reason for the state to stay its hand where the evidence is sufficient.

Affirmed.