**Joseph FIELDS, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 199, Docket 34421.**

United States Court of Appeals, Second Circuit.

Argued Nov. 9, 1970.

Decided Feb. 16, 1971.

Thomas J. Fitzpatrick, Asst. U. S. Atty., Southern District of New York (Whitney North Seymour, Jr., U. S. Atty., and Ross Sandler, Asst. U. S. Atty., Southern District of New York, on the brief), for appellee.

Zachary Shimer, New York City, for appellant.

Before SMITH, FEINBERG, Circuit Judges, and LEVET, District Judge.*

LEVET, District Judge:

This is an appeal by Joseph Fields from an order entered November 21, 1969 in the United States District Court for the Southern District of New York (Murphy, D. J.) denying without a hearing a petition pursuant to 28 U.S.C. § 2255 to set aside a plea of guilty and vacate a judgment of conviction based thereon.

Fields was arrested on a bench warrant issued by the United States District Court for the Southern District of Ohio on an indictment charging that on October 29, 1967, at Wright-Patterson Air Force Base, he maliciously shot a man with intent to kill, wound or maim him in violation of 18 U.S.C. §§ 2, 7 and 13 and Ohio Revised Code § 2901.23.

On March 21, 1968, petitioner requested a Rule 20 transfer of both this charge and another one pending against him. No claim has been made here or below concerning the plea made with respect to this second charge. On April 1, 1968 he signed a consent to transfer for each offense. Both cases were transferred to the Southern District of New York and on April 30, 1968 petitioner, who was represented by a court-appointed attorney, pleaded guilty to both indictments before Judge Milton Pollack. On June 13, 1968, petitioner was sentenced by Judge Thomas Murphy under the indictment charging the malicious shooting to a sentence of 1 to 20 years under 18 U.S.C. § 4208(a) (1) and Ohio Revised Code § 2901.23.

Fields argues that his guilty plea did not meet the standards required in Rule 11 of the Federal Rules of Criminal Procedure in that (1) petitioner did not un-

* United States District Court for the Southern District of New York, sitting by designation.

derstand the nature of the charge; (2) the court did not satisfy itself that there was a factual basis for the plea;, and (3) petitioner did not understand the consequences of his plea. It is further charged that the court was without jurisdiction since the indictment did not charge a federal crime.

We affirm the order of the trial court.

■ Fields' first two arguments regarding knowledge of the nature of the crime charged and the absence of a factual basis for the plea were not raised below and were never passed on by the district court. Petitioner may not now raise those issues for the first time on appeal. United States ex rel. Ross v. LaVallee, 341 F.2d 823 (2nd Cir.), cert. denied sub nom. Ross v. New York, 382 U.S. 867, 86 S.Ct. 137, 15 L.Ed.2d 105 (1965); United States ex rel. Krzywosz v. Wilkins, 336 F.2d 509 (2nd Cir. 1964).

Fields' claim that he did not understand the consequences of his plea is based on his contention that he was never informed of the fact that under Section 5145.01 of the Ohio Revised Code, under which he was sentenced, the sentences for all felonies must be "general and not fixed or limited in their duration." It is claimed that if Fields knew that the judge had no choice but to sentence him to a term of 1 to 20 years he would not have pleaded guilty—presumably because he was relying on his good record in the past to enable him to obtain a light sentence.

The record shows, however, that Fields was told quite specifically what he could expect in the way of a sentence. The voir dire was as follows:

"The Clerk: How do you plead, guilty or not guilty?

"The Defendant: Guilty.

"The Court: What is the maximum sentence on each of these indictments?

"Mr. Sofaer [United States Attorney]: Your Honor, under Section 495 it is $1,000 and ten years on that count, and on the other one, your Honor, Section 2901.23 of the Ohio Revised Code provides for a sentence from one to twenty years, and that is the punishment for that, and sentence would have to be imposed, your Honor, I am informed, under Section 4208(a) (1) of Title 18, a minimum of one year, and a maximum of twenty years as provided.

"The Court: To summarize this for Mr. Fields, what is the maximum amount of time as a maximum under the one indictment just in terms of time and fine?

"Mr. Sofaer: On that shooting indictment the maximum is twenty years, your Honor."

■ Thus, it is clear from the record that Fields was told specifically that the sentence had to be a minimum of one year and a maximum of twenty years in acordance with Ohio Law.

Finally, petitioner, in a supplemental pro se brief, urges as he did below that the government had no jurisdiction to proceed under the Assimilative Crimes Act, 18 U.S.C. § 13, because the conduct he is charged with is proscribed by the federal assault statute (18 U.S.C. § 113).

The Assimilative Crimes Act makes criminal any act committed within a federal enclave "which is not made penal by any laws of Congress," but which is a crime under the laws of the state in which the federal enclave is located. Williams v. United States, 327 U.S. 711, 66 S.Ct. 778, 90 L.Ed. 962 (1946).

Petitioner argues that since the government may adopt state law only when the act is not made punishable by an act of Congress, the fact that the acts with which he is charged could come under the federal assault statute must bar any prosecution of him under the state statute.

■ However, it has been held that where the state statute provides a theory essentially different from that provided in the federal statute, the government can proceed on either statute. United States v. Jones, 244 F.Supp. 181 (S.D.N.Y.), aff'd 365 F.2d 679 (2nd Cir. 1965). What the government may not do is proceed under the state statute

when the precise act prohibited by the state statute is defined and prohibited by a federal statute, Williams v. United States, *supra*, but that is not what the government has done here.

■ The applicable state and federal statutes in this case are quite different. The federal statute proscribed assaults. The Ohio law prohibits batteries. Moreover, the state statute deals with a very specific class of batteries—those involving shootings, cuttings or stabbings. The Ohio statute fits the facts of this case more precisely and it was not improper for the government to proceed under it.

Affirmed.