**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**James Dale PATMORE, Defendant-**
**Appellant.**

**No. 72-1402.**

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Nov. 15, 1972.

Decided March 26, 1973.

Edward H. Funston, Asst. U. S. Atty., Topeka, Kan. (Robert J. Roth, U. S. Atty., and Richard L. Meyer, Asst. U. S. Atty., Topeka, Kan., on the brief), for plaintiff-appellee.

Thomas M. Dawson, Leavenworth, Kan., for defendant-appellant.

Before LEWIS, Chief Judge, and PICKETT and McWILLIAMS, Circuit Judges.

PICKETT, Circuit Judge.

While imprisoned at the Leavenworth, Kansas, federal penitentiary, Patmore was accused of stabbing another inmate. He was indicted in federal court for aggravated battery in violation of Kan. Stat.Ann.1971 Supp. 21–3414(c), a class C felony, through the Assimilative Crimes Act, 18 U.S.C. § 13, (1970).[1] During the course of the trial Patmore entered a plea of guilty to aggravated assault, a lesser included offense and a violation of Kan.Stat.Ann.1971 Supp. 21–3410(a). He was sentenced to serve a three to ten year sentence under Kan. Stat.Ann.1971 Supp. 21–4501(d).

Patmore's only contention on appeal is that there is a federal assault statute, 18 U.S.C. § 113(c) (1970), that defines the same offense as the Kansas statute to which he pleaded guilty, and that he should have been sentenced under the federal statute, which provides for a maximum penalty of five years. Patmore's "Motion to Correct Excessive Sentence" was overruled. The trial court held that the state and federal statutes were not identical since the federal statute required proof of specific intent to do bodily harm, whereas the Kansas statute made no mention of specific intent.[2] We hold that the precise acts to which Patmore pleaded guilty were made penal by the federal statute defining assault, 18 U.S.C. § 113(c) (1970), and cannot be redefined by application of the Assimilative Crimes Act.

The crime of assault is defined in Kan.Stat.Ann.1971 Supp. 21–3408 as "an intentional threat or attempt to do bodily harm to another. . . ." This language, when read in conjunction with Kan.Stat.Ann.1971 Supp. 21–3410(a), is the equivalent of 18 U.S.C. § 113(c) (1970).

The purpose of the Assimilative Crimes Act, 18 U.S.C. § 13 (1970), is to supplement the Criminal Code of the United States by adopting state criminal statutes relating to acts or omissions committed within areas over which the federal government has exclusive jurisdiction and which are "not made punishable by any enactment of Congress." The Act has no application if such acts or omissions are made penal by federal statute. United States v. Sharpnack, 355 U.S. 286, 78 S.Ct. 291, 2 L.Ed.2d 282 (1958); Williams v. United States, 327 U.S. 711, 66 S.Ct. 778, 90 L. Ed. 962 (1946); Dunaway v. United States, 170 F.2d 11 (10th Cir. 1948); Fields v. United States, 438 F.2d 205 (2d Cir. 1970), cert. denied, 403 U.S. 907, 91 S.Ct. 2214, 29 L.Ed.2d 684 (1971). In the instant case, Patmore pleaded guilty to unlawfully assaulting or striking at another with a deadly weapon, which is a class D felony under the Kansas statute. Although the crime may be within the definition of the Kansas statute, it is punishable under the provisions of 18 U.S.C. § 113(c) (1970), which prevail. Hockenberry v. United States, 422 F.2d 171 (9th Cir. 1970). A federal criminal statute may not be enlarged or diminished by a state statute. Williams v. United States, 327 U.S. 711, 718, 66 S.Ct. 778, 90 L.Ed. 962 (1946).

The judgment and sentence is set aside, and the cause remanded for sen-

1. The charging language of the indictment is that Patmore "wilfully, unlawfully and feloniously committed an act of aggravated battery against and upon John Wesley Fuller by means of a deadly weapon, to-wit: a knife, in violation of 18 U.S.C. §§ 7, 13, and K.S.A. 21–3414(c)."

2. 18 U.S.C. § 113(c) (1970):
"Whoever . . . is guilty of an assault shall be punished as follows:
(c) Assault with a dangerous weapon, with intent to do bodily harm, and without just cause or excuse, by . . . imprisonment for not more than five years. . . ."
Kan.Stat.Ann.1971 Supp. 21–3410(a):
"Aggravated assault is:
(a) Unlawfully assaulting or striking at another with a deadly weapon. . . ."

tencing under 18 U.S.C. § 113(c) (1970).

LEWIS, Chief Judge (concurring in the result).

I concur in the result reached by the majority opinion but only because the penalty for assault under 18 U.S.C. § 113(c) is less severe than the penalty under Kan.Stat.Ann. §§ 21–3410(a), 21–4501(d).[1] The relief given is appropriate under the posture of the case as presented to us and consistent with fundamental fairness. However the rationale of the main opinion would appear to require imposition of the federal sentence in any case where a plea (as here) or a conviction occurs for a state defined included offense that falls within the bounds of a federal statutory offense. I would hold open for future consideration the nature of appropriate relief or sentence when and if a case arises where the federal sentence is more severe.

---

1. This analysis does not consider the possible imposition of a fine up to $1,000.00 under 18 U.S.C. § 113(c).