UNITED STATES of America, Plaintiff,

v.

Gerald Paul ROBISON, Defendant.

Crim. No. 73–13330.

United States District Court, D. Hawaii.

May 29, 1974.

William C. McCorriston, Asst. U. S. Atty., Harold M. Fong, U. S. Atty., Honolulu, Hawaii, for plaintiff.

John Rapp, Goodsill, Anderson & Quinn, Honolulu, Hawaii, for defendant.

ORDER GRANTING MOTION TO DISMISS COUNT II

SAMUEL P. KING, District Judge.

Gerald Paul Robison was indicted by a federal grand jury on November 20,

1973, on two counts of assault and one count of trespass committed on a United States Army Reservation.

Count One [1] charged him with assault with a dangerous weapon with intent to do bodily harm, in violation of Section 113(c) of Title 18, United States Code.

Count Two [2] charged him with engaging in conduct which recklessly placed

1. That on or about September 9, 1973, within the special maritime and territorial jurisdiction of the United States, namely Fort DeRussy, a United States Army Reservation in the District of Hawaii, Gerald Paul Robison did assault another person with a dangerous weapon with intent to do bodily harm, and without just cause or excuse, by utilizing a green Volkswagen vehicle, Hawaii License No. 7E-9307, as a weapon to strike and injure the person of Robert Lee Douglas, all in violation of Section 113(c) of Title 18, United States Code.

2. That on or about September 9, 1973, within the special maritime and territorial jurisdiction of the United States, namely Fort DeRussy, a United States Army Reservation in the District of Hawaii, Gerald Paul Robison did engage in conduct which recklessly placed another person in danger of death or serious bodily injury by operating a green Volkswagen vehicle, Hawaii License No. 7E-9307, in a reckless manner so as to place Robert Lee Douglas, a military policeman, in danger of death or serious bodily injury; all in violation of Section 714 of the Hawaii Penal Code and Section 13 of Title 18, United States Code.

3. § 113. *Assaults within maritime and territorial jurisdiction.* Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows:

(a) Assault with intent to commit murder or rape, by imprisonment for not more than twenty years.

(b) Assault with intent to commit any felony, except murder or rape, by fine of not more than $3,000 or imprisonment for not more than ten years, or both.

(c) Assault with a dangerous weapon, with intent to do bodily harm, and without just cause or excuse, by fine of not more than $1,000 or imprisonment for not more than five years, or both.

(d) Assault by striking, beating, or wounding, by fine of not more than $500 or imprisonment for not more than six months, or both.

(e) Simple assault, by fine of not more than $300 or imprisonment for not more than three months, or both.

another person in danger of death or serious bodily injury, in violation of Section 714 of the Hawaii Penal Code and Section 13 of Title 18, United States Code.

Defendant moved to dismiss Count Two on the ground that 18 U.S.C. § 113(c) [3] defined essentially the same crime as HRS § 714 [4] and therefore the

4. PART III. CRIMINAL ASSAULTS AND RELATED OFFENSES

Sec. 710-*Assault in the first degree.*

(1) A person commits the offense of assault in the first degree if he intentionally or knowingly causes bodily injury to another person.

(2) Assault in the first degree is a class B felony.

Sec. 711-*Assault in the second degree.*

(1) A person commits the offense of assault in the second degree if:

(a) He intentionally or knowingly causes bodily injury to another person with a dangerous instrument; or

(b) He recklessly causes serious bodily injury to another person with a dangerous instrument.

(2) Assault in the second degree is a class C felony.

Sec. 712-*Assault in the third degree.*

(1) A person commits the offense of assault in the third degree if he:

(a) Intentionally, knowingly, or recklessly causes bodily injury to another person; or

(b) Negligently causes bodily injury to another person with a dangerous instrument.

(2) Assault in the third degree is a misdemeanor unless committed in a fight or scuffle entered into by mutual consent, in which case it is a petty misdemeanor.

Sec. 713-*Reckless endangering in the first degree.*

(1) A person commits the offense of reckless endangering in the first degree if he employs widely dangerous means in a manner which recklessly places another person in danger of death or serious bodily injury.

(2) Reckless endangering in the first degree is a class C felony.

Sec. 714-*Reckless endangering in the second degree.*

(1) A person commits the offense of reckless endangering in the second degree if he engages in conduct which recklessly places another person in danger of death or serious bodily injury.

(2) Reckless endangering in the second degree is a misdemeanor.

Sec. 715-*Terroristic threatening.*

(1) A person commits the offense of terroristic threatening if he threatens, by word or conduct, to cause bodily injury to another

latter charge was not authorized by the Assimilative Crimes Act, 18 U.S.C. § 13.[5]

The definitive interpretation of the Assimilative Crimes Act is enunciated in Williams v. United States, 327 U.S. 711, 66 S.Ct. 778, 90 L.Ed. 962 (1946). Applying the principles of that case and of Hockenberry v. United States, 422 F. 2d 171 (9th Cir. 1970), and United States v. Patmore, 475 F.2d 752 (10th Cir. 1973), I conclude that defendant's contention is correct.

The government relies upon language in Fields v. United States, 438 F.2d 205, 207 (2d Cir. 1971), that since "the state statute provides a theory essentially different from that provided in the federal statute, the government can proceed on either statute." From this the government concludes that the Assimilative Crimes Act permits prosecution under the state statute whenever the precise acts prohibited by the state law have not been made penal by any act of Congress. In my opinion, this is too narrow a reading of the holding in *Williams.*

HRS § 714 is part of the new Hawaii Penal Code, a major rewriting of all of Hawaii's penal statutes based on the Model Penal Code. Under the new code, "assault" is associated with causing

"bodily injury", and conduct which creates danger of death or serious bodily injury is defined as "reckless endangering". Oldtimers will recognize the first kind of conduct as a "battery", under the replaced Hawaii statutes.[6]

The federal statute on assault, 18 U. S.C. § 113, retains the simplicity of the traditional assault and battery statutes. Thus, it is true that the crime defined by HRS § 714 is not precisely the same crime as that defined by 18 U.S.C. § 113.

This kind of situation faced the court in *Patmore.* The trial court had held that the state and federal statutes were not identical since the federal statute required proof of specific intent to do bodily harm, whereas the Kansas statute made no mention of specific intent. The appellate court reversed, saying in part that the Kansas statute was "the equivalent" of the federal statute.

So here, the Hawaii statute on "reckless endangering in the second degree" set out in HRS § 714 is the equivalent of the federal statute on "[a]ssault with a dangerous weapon, with intent to do bodily harm" set out in 18 U.S.C. § 113(c).

The motion to dismiss Count Two of the indictment is granted.

---

person or serious damage to property of another:
    (a) With the intent to terrorize, or in reckless disregard of the risk of terrorizing, another person; or
    (b) With intent to cause, or in reckless disregard of the risk of causing evacuation of a building, place of assembly, or facility of public transportation.
    (2) Terroristic threatening is a misdemeanor.

5. § 13. *Laws of states adopted for areas within federal jurisdiction.* Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is

situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

6. § 724–1 *Assault defined.* An assault is:
    (1) Any unlawful attempt, coupled with a present ability, to commit an injury on or to the person of another, or
    (2) The intentional and malicious placing of another in reasonable apprehension of receiving a battery, or
    (3) Any attempt to commit a battery.
    § 724–2 *Battery defined.* A battery is:
    (1) Any unlawful and intentional commission of an injury on or to the person of another, or
    (2) The unlawful and intentional commission of any act which directly or indirectly, causes a harmful or offensive contact on or to the person of another.