UNITED STATES of America,
Plaintiff,

v.

Darelle Dean BUTLER, Defendant.

No. CR 75–3158.

United States District Court,
D. South Dakota.

Jan. 9, 1976.

William F. Clayton, U. S. Atty., Rapid City, S. D., for plaintiff.

Bruce H. Ellison, Wounded Knee Legal Offense and Defense Fund, Rapid City, S. D., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

The Defendant, Darelle Dean Butler, was indicted by a Grand Jury for possession in Count I of a firearm by a convicted felon, in violation of 18 U.S.C. § 1152 and 18 App. U.S.C. § 1202(a)(1), and in Count II, of possession of a firearm by a person convicted of a crime of violence, in violation of 18 U.S.C. § 13 and S.D.C.L. § 23–7–3 (1974 Supp.) Tried by the Court on Count II, he was convicted, and sentenced to a term of imprisonment of two years. The Defendant now moves for an arrest of judgment on the grounds that the Court

does not have jurisdiction to hear a charge under 18 U.S.C. § 13, the Assimilated Crimes Act. Fed.R.Crim.P. 12(b)(2).

The United States Attorney moved pre-trial to dismiss Count I of the indictment, the violation of 18 App. U.S.C. § 1202(a)(1), in response to Defendant's motion to dismiss Count II, the violation of 18 U.S.C. § 13 and S.D.C.L. § 23–7–3, for unconstitutional duplicity. The government's motion was granted, the Defendant's motion dismissed as moot, and the Defendant tried on Count II.

The Assimilated Crimes Act, 18 U.S.C. § 13 states:

> Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, is guilty of *any act or omission which, although not made punishable by any enactment of Congress,* would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment. (Emphasis added.)

The Defendant argues that the statute applies only if no other federal law could apply to the act or conduct for which the Defendant is charged. Since 18 App. U.S.C. § 1202(a)(1) also could have been the basis of a charge against the Defendant, it is argued that a charge under the Assimilated Crimes Act was improper in this case.

In many respects the two possession provisions are similar. S.D.C.L. § 23–7–3 establishes culpability for possession of a pistol by persons convicted of a "crime of violence," while 18 App. U.S.C. § 1202(a)(1) establishes culpability for possession of a pistol by persons convicted of a "felony." However, 18 App. U.S.C. § 1202(a)(1) requires proof that the Defendant "receives, possesses, or transports in commerce or affecting commerce . . . any firearm," *e. g., United States v. Bass,* 404 U.S. 336, 92

S.Ct. 515, 30 L.Ed.2d 488 (1971), while S.D.C.L. § 23–7–3 invoked through the Assimilated Crimes Act has no such requirement. While minor variances in the proof requirements between the state and federal statutes typically will not justify an indictment under the state provision, *Williams v. United States,* 327 U.S. 711, 66 S.Ct. 778, 90 L.Ed. 962 (1946), the requisite of an interstate nexus for the federal crime in this case signals a distinction between the federal and state charge involved in this case that does justify, through the Assimilated Crimes Act, a state charge in this case.

Section 1202(a)(1) applies to all persons within the geographic area of the United States not specifically exempted from its coverage. Title 18, United States Code, Section 1152 explicitly extends the Section's application to the Indian country. Since the federal government is one of limited powers, Congress had to seek a constitutional sanction for the passage of such a provision. The requirement of an interstate nexus was apparently Congress' attempt to justify their enactment of the Section under the powers granted them by the Interstate Commerce Clause. U.S.Const., Art. I, Sec. 8, Cl. 3. *See also* 18 App. U.S.C. § 1201. The breadth of the statute distinguishes it from those laws enacted by Congress to govern areas over which it has direct supervision—military bases, Indian reservations, and so on. *E. g.,* 18 U.S.C. § 113.

All the cases that have expressly dealt with the question of federal pre-emption of the Assimilated Crimes Act by federal statute, and that have held the Act to be pre-empted, have been those dealing with federal enclave statutes. *See, e. g., Williams v. United States,* 327 U.S. 711, 66 S.Ct. 778, 90 L.Ed. 962 (1946); *United States v. Patmore,* 475 F.2d 752 (10th Cir. 1973); *Hockenberry v. United States,* 422 F.2d 171 (9th Cir. 1970); *United States v. Robinson,* 376 F.Supp. 1024 (D.Hawaii 1974). Such is not the instant case, for here we do not deal with a federal enclave statute. The

Court is therefore faced with the novel question of whether the Assimilated Crimes Act also can be pre-empted by a general federal criminal statute, a statute not limited in application to federal enclaves.

 If a person is charged, while *not* on a federal enclave, for both a violation of a federal and state criminal statute, even though both arise from the same act or omissions, he may be tried for either or both. *See e. g., Abbate v. United States,* 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959); *United States v. Lanza,* 260 U.S. 377, 43 S.Ct. 141, 67 L.Ed. 314 (1922). Since the Assimilated Crimes Act is designed to equalize the rights and duties of a person on a federal enclave and a person in the State containing the federal enclave, a person in a federal enclave should also be subject to prosecution from both the general federal criminal statute and the assimilated state statute. The difficulty arises, however, when Congress has passed a specific federal enclave law, e. g., 18 U.S.C. § 113, that vitiates the need for the assimilated state statute. To prevent a person on a federal enclave from being subject to prosecution under general federal criminal laws, the federal enclave law, and the assimilated state law, Congress made a wise legislative decision to exempt a person on a federal enclave from the assimilation of a state statute if a federal enclave law on the same subject or course of conduct applies. To allow the language of the Assimilated Crimes Act to do more than this, i. e., to exempt persons on federal enclaves from general criminal statutes as well as federal enclave laws, would be to over-balance the equities in favor of the person on the federal enclave. Such a result would be contrary to the intent behind the Act itself, i. e., to equalize the duties of persons on a federal enclave with those of persons in the same governmental unit that geographically surrounds the enclave. Defendant's motion must fail.

An appropriate order will issue.

ORDER

In accordance with the memorandum this day filed, and deeming it proper so to do, it is ORDERED and ADJUDGED that defendant's motion for an arrest of judgment be, and the same is hereby, denied.

Let the Clerk send a copy of this Order and the memorandum to Bruce Ellison, Wounded Knee Legal Defense/Offense Committee, Ray Archuleta, of Serra, Perlson, and Metcalf, San Francisco, California, and R. D. Hurd, Assistant United States Attorney.