**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Gennie Lynn BROWN,**
**Defendant-Appellant.**

**No. 79–5241.**

United States Court of Appeals,
Fifth Circuit.

Dec. 17, 1979.

Rehearing Denied Feb. 13, 1980.

Gene Douglass (court-appointed), Wichita Falls, Tex., for defendant-appellant.

Shirley Baccus-Lobel, Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

Before THORNBERRY, GEE and HATCHETT, Circuit Judges.

HATCHETT, Circuit Judge.

This appeal raises the question whether the Assimilative Crimes Act, 18 U.S.C. section 13,[1] has properly been used as the prosecutorial vehicle on the facts in this case. We hold that the Act has been properly used, but reverse the conviction on other grounds.

Gennie Lynn Brown, appellant, resided at Sheppard Air Force Base, Texas, with her husband and four children—two hers and two her husband's from previous marriages. On November 16, 1978, she carried her husband's two-year-old son, Bryan, to her

---

1. 18 U.S.C. section 13 provides:

Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

neighbor's home. The child was bruised on the forehead and unconscious. Mrs. Brown told the neighbor that while she was dressing Bryan, he fell and hit his head on the corner of a chalkboard. Because Bryan was breathing irregularly, the neighbor called an ambulance and began mouth-to-mouth resuscitation. Bryan was carried to the base hospital where he was examined by the base pediatrician, Dr. Ortaliz. Bryan was then rushed to the county hospital where emergency surgery was performed which saved his life. The surgery disclosed a subdural hematoma covering the left side of his brain. The surgeon testified that in his opinion the injury was probably caused by a blunt, flat instrument. After being shown the chalkboard, he stated that it was improbable that the injury was caused by striking a corner of the board. Dr. Ortaliz testified that in his opinion the appellant's explanation was inconsistent with the massive bleeding.

The indictment charged that within the territorial jurisdiction of the United States, appellant knowingly and intentionally engaged in conduct causing serious bodily injury to Bryan Jay Brown, a child of two years, in violation of section 22.04 of the Texas Penal Code and the Assimilative Crimes Act, 18 U.S.C. section 13.[2] Appellant was acquitted of intentional conduct, but convicted of the lesser offense of having recklessly or with criminal negligence

engaged in conduct causing serious bodily injury to the child.

Two main issues are raised. First, since conduct made punishable by the Texas statute (injury to child) may also be punishable under 18 U.S.C. section 113 (federal assault statute),[3] did the trial court have jurisdiction under the Assimilative Crimes Act? Second, whether evidence of recent injuries and hospitalizations prior to November 16, 1979, was erroneously admitted.

I

The purpose of the Assimilative Crimes Act (ACA) is to provide a set of criminal laws for federal enclaves by the use of the penal law of the local state "to fill the gaps in federal criminal law." *United States v. Prejean*, 494 F.2d 495, 496 (5th Cir. 1974); *United States v. Sharpnack*, 355 U.S. 286, 78 S.Ct. 291, 2 L.Ed.2d 282 (1958). Prosecution under the ACA is not for enforcement of state law but for enforcement of federal law assimilating a state statute. *Acunia v. United States*, 404 F.2d 140 (9th Cir. 1968). The government can resort to state law for prosecution only if no act of Congress directly makes a defendant's conduct punishable. *United States v. Big Crow*, 523 F.2d 955 (8th Cir. 1975).

Relying on *Williams v. United States*, 327 U.S. 711, 66 S.Ct. 778, 90 L.Ed. 962 (1946), and on *United States v. Butler*, 541 F.2d 730 (8th Cir. 1976), the appellant

---

**2.** Section 22.04, Texas Penal Code provides:
Injury to a Child
   (a) A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or omission, engages in conduct that causes to a child who is 14 years of age or younger:
   (1) serious bodily injury;
   (2) serious physical or mental deficiency or impairment; or
   (3) disfigurement or deformity.
   (b) An offense under this section is a felony of the second degree unless the conduct is engaged in recklessly or negligently, in which event it shall be a felony of the third degree.

**3.** 18 U.S.C. section 113 provides:
   Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows:

   (a) Assault with intent to commit murder or rape, by imprisonment for not more than twenty years.
   (b) Assault with intent to commit any felony, except murder or rape, by fine of not more than $3,000 or imprisonment for not more than ten years, or both.
   (c) Assault with a dangerous weapon, with intent to do bodily harm, and without just cause or excuse, by fine of not more than $1,000 or imprisonment for not more than five years, or both.
   (d) Assault by striking, beating, or wounding, by fine of not more than $500 or imprisonment for not more than six months, or both.
   (e) Simple assault, by fine of not more than $300 or imprisonment for not more than three months, or both.

argues that prosecution under the state child abuse statute must be barred because the conduct charged is punishable under the federal criminal assault provisions of 18 U.S.C. section 113. Neither *Williams* nor *Butler*, however, support the appellant's contention. Both cases deal with government attempts to enlarge the scope of a congressionally defined penal offense by the application of a "conflicting state definition" under the ACA.

In *Williams*, the defendant was convicted of statutory rape under state law pursuant to the ACA. While federal law required proof of forceful intercourse with a victim under 16 years of age, the state statute proscribed intercourse with any victim under 18 years of age, regardless of consent. Because the victim was between 16 and 18 years of age, Williams could be convicted under state law, but not under the federal statute. His conviction under the state statute was set aside by the Supreme Court as an improper use of the ACA to expand the congressional definition of a penal offense.

The defendant in *Butler* successfully overturned his state law conviction under the same reasoning applied in *Williams*. Although both state and federal law proscribed the possession of a firearm by a felon, only the federal statute required proof of interstate travel. Lacking that proof, the government rested its prosecution on the violation of state law pursuant to the ACA. Relying on *Williams*, the circuit court overturned Butler's conviction.

In *Williams* and *Butler*, state and federal laws proscribed the same offenses which were defined differently in state and federal statutes. Those decisions do not affect the rule permitting prosecution under the ACA only for state crimes which are not made penal by any law of Congress. *See, Williams v. United States*, 327 U.S. at 717, 66 S.Ct. 778. This has been held to mean that the government may not proceed under state law when the "precise act" prohibited by the state statute is defined and prohibited by a federal statute. *Williams v. United States; United States v. Big Crow*, 523 F.2d 955 (8th Cir. 1975); *United States v. Patmore*, 475 F.2d 752 (10th Cir. 1973).

Although the acts with which the defendant was charged could be punishable under the federal assault statute, the "precise act" of injury to a child is not proscribed by federal law. *See, Fields v. United States*, 438 F.2d 205 (2d Cir. 1971). In *Fields*, the defendant was convicted of malicious shooting under state law pursuant to the ACA. The court rejected Fields's argument that the federal assault statute barred any prosecution of him under the state statute.

> The applicable state and federal statutes in this case are quite different. The federal statute proscribed assaults. The Ohio law prohibits batteries. Moreover, the state statute deals with a very specific class of batteries—those involving shootings, cuttings or stabbings. The Ohio statute fits the facts of this case more precisely and it was not improper for the government to proceed under it.

*Fields v. United States*, at 208.

Mrs. Brown, like the defendant in *Fields*, has been prosecuted under a state statute designed to punish specific conduct of a different character than that proscribed in the federal assault statute. We hold that the government properly proceeded under the state child abuse statute as made applicable by the ACA.

## II

Appellant further challenges the admission of testimony showing injuries and hospitalizations prior to November 16, 1978. Over defense objections, the government introduced evidence that on November 2, 1978, Bryan was brought to the base hospital suffering from severe multiple bruises about his face and body. The treating physician, a family services representative, and the base child advocacy officer, all testified to his condition at that time. Photographs taken at the time were shown to the jury.

The appellant contends that testimony of prior injuries is extrinsic evidence not admissible under any of the exceptions recognized in *United States v. Beechum*, 582 F.2d

898 (5th Cir. 1978). We agree. *Beechum* held that a straightforward application of Fed.R.Evid. 404(b) requires a two-step test for the admission of evidence of other crimes, wrongs, or acts.

First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of rule 403.

*United States v. Beechum*, at 911.

In this case, the government has failed to show that the appellant was responsible for Bryan's condition on November 2, 1978. Extrinsic evidence may only be introduced if "an offense was in fact committed and the defendant in fact committed it." *United States v. Beechum*, at 912. The government's proof failed to demonstrate either fact. The government has not demonstrated that the injuries of November 2 resulted from the commission of any offense. More important, however, the government has failed to show that any "offense" which may have caused the November 2 injuries was committed by the appellant. "[A]s a predicate to a determination that the extrinsic offense is relevant, the Government must offer proof demonstrating that the defendant committed the offense." *United States v. Beechum*, at 912–13. Absent this proof, evidence of injuries occurring on November 2 was inadmissible under *Beechum.*

The government's contention that the evidence was relevant to show the prior condition of the child is invalid since there is no dispute that the subdural hematoma occurred on November 16, 1978.

In this case, the conviction rested on circumstantial evidence. Absent the evidence regarding the November 2 injuries, there is sufficient doubt that the jury could have concluded that the remaining evidence and its inferences were inconsistent with every reasonable hypothesis of innocence. *United States v. Barresi*, 601 F.2d 193 (5th Cir. 1979); *United States v. Sink*, 586 F.2d 1041 (5th Cir. 1978).

Finding reversible error in the admission of prior injury evidence, we do not reach the appellant's secondary contentions.

The judgment of conviction is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.