**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 29, 2009

Charles R. Fulbruge III
Clerk

No. 08-50884
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

PABLO ARAGON,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-215-ALL

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Pablo Aragon appeals his jury trial convictions under the Assimilative Crimes Act (ACA), 18 U.S.C. § 13, for assault resulting in serious bodily injury in violation of 18 U.S.C. §§ 7 and 113(a)(6); assault of a security officer causing serious bodily injury in violation of 18 U.S.C. §§ 7(3) and 13(a) and TEXAS PENAL CODE §§ 22.02(a)(1), (b)(2)(D); and assault of a security officer causing bodily injury in violation of 18 U.S.C. §§ 7(3) and 13(a) and TEXAS PENAL CODE §§ 22.01(a)(1), (b)(4). Aragon argues that the evidence was insufficient to

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

demonstrate that the physical injuries he inflicted on the victim, who was employed as a security guard on the Paso del Norte Bridge in El Paso, Texas, at the time of the assault, were "serious bodily injuries" and that the victim was acting within the scope of his duties as a security guard at the time of the offense. Aragon does not dispute that he punched the victim or that the victim sustained injuries as a result of the assault. However, Aragon contends that the evidence was insufficient to demonstrate that his conduct caused the victim's fatal heart attack.

The ACA pertains to offenses committed within the special and maritime territorial jurisdiction of the United States, as defined by 18 U.S.C. § 7, *see* § 13, and provides a set of criminal laws for federal enclaves by using the penal laws of the states. *United States v. Brown*, 608 F.2d 551, 553 (5th Cir. 1979). Under Texas law, Aragon is criminally responsible for aggravated assault if the victim's serious bodily injury (the fatal heart attack) "would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient." TEX. PENAL CODE § 6.04(a).

The only medical evidence presented to the jury was the testimony of the forensic pathologist who performed the autopsy on the victim. Although the pathologist testified that the laceration and contusion suffered by the victim as a result of the punch or punches thrown by Aragon were not fatal injuries, alone, he testified "within a reasonable degree of medical certainty" that the victim would not have had a heart attack when he did if not for the stress of Aragon's assault. Given that the evidence, both direct and circumstantial, is viewed in the light most favorable to the jury's verdict, *see United States v. Resio-Trejo*, 45 F.3d 907, 910 (5th Cir. 1995), a rational jury could have found beyond a reasonable doubt that Aragon's conduct in assaulting the victim caused serious bodily injury, *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Aragon also contends that the evidence was insufficient to establish that the victim was acting as a security guard at the time of the assault. Although Aragon challenged the sufficiency of the evidence as to the "serious bodily injury" element, he did not specifically object to the sufficiency of the evidence to prove this element, and therefore this court's review is "limited to determining whether there was a manifest miscarriage of justice, that is, whether the record is devoid of evidence pointing to guilt." *United States v. Delgado*, 256 F.3d 264, 274 (5th Cir. 2001) (internal quotation marks and citation omitted); *see United States v. Herrera*, 313 F.3d 882, 885 (5th Cir. 2002). The record in this case is not devoid of evidence that the victim was acting as a security guard at the time of the offense.

Accordingly, the judgment of the district court is AFFIRMED.