# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 11, 2011

No. 10-51104
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FELMO JAMES HARDEMAN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:10-CR-108-1

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Felmo James Hardeman appeals his jury trial conviction under the Assimilative Crimes Act (ACA), 18 U.S.C. § 13, for making a terroristic threat against a customer service representative of the Social Security Administration (SSA) in violation of Texas Penal Code § 22.07. Hardeman does not dispute that after his interview with the representative had ended, he told the representative, "I've got that gun waiting for you. I've got that gun." Rather, Hardeman contends that the evidence was insufficient to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

demonstrate that he threatened the representative with serious bodily injury that was imminent and that his statement to the representative was a threat. Hardeman also claims that the prosecution committed misconduct during closing arguments by misstating the law on "imminence."

The ACA pertains to offenses committed within the special and maritime territorial jurisdiction of the United States, as defined by 18 U.S.C. § 7, *see* § 13, and provides a set of criminal laws for federal enclaves by using the penal laws of the states. *United States v. Brown*, 608 F.2d 551, 553 (5th Cir. 1979). Under Texas law, Hardeman is guilty of making a terroristic threat if he threatened to commit any offense involving violence to any person or property with intent to place any person in fear of imminent serious bodily injury. *See* TEX. PENAL CODE ANN. § 22.07(a)(2) (West 2005). Imminent means "near at hand; mediate rather than immediate; close rather than touching; impending; on the point of happening; threatening; menacing; perilous." *Devine v. State*, 786 S.W.2d 268, 270 (Tex. Crim. App. 1989) (internal quotation marks and citation omitted).

Hardeman's assertion that the evidence was insufficient to show that any threat of serious bodily injury was imminent is without merit. The jury heard testimony that (1) Hardeman had previously stated to a different representative, "What do I have to do? Bring a pistol in here for you people"; (2) in the past and on the day of the underlying statement, Hardeman was aggressive, violent, and loud; (3) just prior to making the underlying statement, Hardeman had reached into a very large bag numerous times; and (4) while in the process of being escorted out of the building, Hardeman walked to an area behind the representative, then returned and made the above-quoted statement. After Hardeman made the statement, other patrons of the SSA were fearful and moved as far away from him as possible. Finally, the representative testified that he perceived Hardeman's statement as a threat of imminent serious bodily injury. *See Stults v. State*, 23 S.W.3d 198, 205 (Tex. App. 2000) (stating that the focus of the inquiry should be whether the complainant was afraid of imminent

serious bodily injury at the time of the offense).  Viewing the evidence in the light most favorable to the jury's verdict, *see United States v. Resio-Trejo*, 45 F.3d 907, 910, 911 (5th Cir. 1995), we conclude that a rational jury could have found beyond a reasonable doubt that Hardeman threatened the representative with bodily injury that was near at hand, mediate, impending, or on the point of happening.  *See id.*; *see also Jackson v. Virginia,* 443 U.S. 307, 319 (1979).

Hardeman's claim that the evidence was insufficient to prove that any statement he made was a threat is likewise meritless.  As Hardeman did not specifically object to the sufficiency of the evidence to prove this element,  our review is limited to determining whether there was a manifest miscarriage of justice, "that is, whether the record is devoid of evidence pointing to guilt." *United States v. Delgado*, 256 F.3d 264, 274 (5th Cir. 2001) (internal quotation marks and citation omitted).  Based on the testimony cited above, the record is not devoid of evidence that Hardeman threatened the representative with imminent bodily injury.  *See id.*; *see also Walker*, 327 S.W.3d 790, 793-95 (Tex. App. 2010) (holding that the statement, "Let's do it, [Judge] Nekhom.  It's me and you now," was a threat to commit serious bodily injury based on the defendant's aggressive behavior, tone, and demeanor at the time of the statement and based on the fact that the judge perceived the statement as a threat).

Finally, Hardeman's contention that the prosecution committed misconduct by misstating the law on "imminence" is unpersuasive.  Even assuming arguendo that the prosecution's remarks were improper, Hardeman has nevertheless failed to establish, based on the foregoing testimony, that "the prosecutor's remarks cast serious doubt on the correctness of the jury's verdict." *United States v. Thompson*, 482 F.3d 781, 785 (5th Cir. 2007) (internal quotation marks and footnote citation omitted).

Accordingly, the judgment of the district court is AFFIRMED.