**UNITED STATES, Appellee,**

v.

**Sergeant Robert J. PERKINS, SSN 265–13–3540, United States Army, Appellant.**

**CM 437065.**

U. S. Army Court of Military Review.

26 Oct. 1978.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, Captain D. David Hostler, JAGC, Captain John H. Milne, JAGC, and Captain Kevin E. O'Brien, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Captain Stephen D. Smith, JAGC, and Captain Harry J. Gruchala, JAGC, were on the pleadings for appellee.

Before MITCHELL, DRIBBEN and FELDER, Appellate Military Judges.

## OPINION OF THE COURT

MITCHELL, Senior Judge:

Pursuant to his pleas of guilty, the appellant was convicted at Fort Bragg, North Carolina, of rape, assault (two specifications), kidnapping and communicating a threat in violation of Articles 120, 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 928 and 934. He was sentenced to a dishonorable discharge, confinement at hard labor for 15 years, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade. Pursuant to a pretrial agreement the convening authority approved only so much of the sentence as provides for a dishonorable discharge, confinement at hard labor for five years, forfeiture of $198.00 pay per month for five years, and reduction to the lowest enlisted grade.

 The kidnapping was charged under Article 134, UCMJ, as a violation of the North Carolina General Statutes, § 14–39 as assimilated by Title 18, United States Code, § 13 (Assimilative Crimes Act). That act provides:

> Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

Its purpose is to fill the gaps in criminal law on federal reservations by assimilating the local state law. *United States v. Butler,* 541 F.2d 730 (8th Cir. 1976). It may not be used to extend or narrow the scope of existing federal criminal law. *United States v. Picotte,* 12 U.S.C.M.A. 196, 30 C.M.R. 196 (1961) (concurring opinion, J. Ferguson).

The appellant contends, for the first time, that charging him under the Assimilative Crimes Act was improper because there is a specific federal statute covering the offense of kidnapping, viz., 18 U.S.C. § 1201 (1972) which provides: [1]

> § 1201. Kidnapping
>
> (a) Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when:

Therefore, he argues, under the very terms of the Assimilative Crimes Act, prosecution thereunder was not permitted.

 We agree with appellant's contention. 18 U.S.C. § 1201 makes unlawful much more than strict kidnapping as defined at common law. *United States v. Young,* 512 F.2d 321 (4th Cir. 1975), *cert. denied,* 424 U.S. 956, 96 S.Ct. 1432, 47 L.Ed.2d 362. Kidnapping victims who accepted a ride from a person who led them to believe that he would take them to their desired destinations were "inveigled" or "decoyed" into accepting rides within the meaning of this section. *United States v. Hoog,* 504 F.2d 45 (8th Cir. 1974), *cert. denied,* 420 U.S. 961, 95 S.Ct. 1349, 43 L.Ed.2d 437. An indictment alleging that the victim was kidnapped and held "for sexual gratification" was adequate and not misleading. *Bailey v. United States,* 410 F.2d 1209 (10th Cir. 1969), *cert. denied,* 396 U.S. 933, 90 S.Ct. 276, 24 L.Ed.2d 232. *See also, United States v. Lutz,* 420 F.2d 414 (3rd Cir. 1970), *cert. denied,* 398 U.S. 911, 90

[1]. In 1972, the federal kidnapping statute was specifically amended to encompass unlawful and intentional abduction that occurs within the special maritime and territorial jurisdictions of the United States. Before 1972, the federal statute only applied if the victim was transported in interstate or foreign commerce.

For legislative history and purpose of Pub.L. 92–539, *see* 1972 U.S. Code Cong. and Admin. News, p. 4316. *See also,* Pub.L. 94–467, 1976 U.S. Code Cong. and Admin. News, p. 4480; *United States v. Marx,* 485 F.2d 1179 (10th Cir. 1973), *cert. denied,* 416 U.S. 986, 94 S.Ct. 2391, 40 L.Ed.2d 764.

S.Ct. 1709, 26 L.Ed.2d 73. Unquestionably, it includes within its coverage the actions of the appellant in the case at bar. Pretending to be a good Samaritan, he approached the victim's car and gratuitously offered to give assistance. Instead he forced his way into her automobile and compelled her at knife-point to drive some distance to a secluded area of the reservation where the rape ensued. Congress, by amending 18 U.S.C. § 1201 defined and made punishable the precise acts upon which the conviction depends. As prosecution of this appellant under the specific federal statute would have been appropriate, the North Carolina statute could not be assimilated.[2] Therefore, conviction under this state statute may not stand.

The findings of guilty of Specification 1, Charge III (kidnapping) are set aside and that charge is dismissed. The remaining findings of guilty are affirmed.

The specification set aside is relatively minor when compared with the rape, assault, and communicating a threat offenses. The appellant has already reaped the full benefits of an incredibly advantageous plea bargain. Further modification of the sentence is unwarranted. Accordingly, the sentence is affirmed.

Judge DRIBBEN and Judge FELDER concur.

**2.** The decisions in *United States v. Harkcom,* 12 U.S.C.M.A. 257, 30 C.M.R. 257 (1961); *United States v. Wright,* 12 U.S.C.M.A. 202, 30 C.M.R. 202 (1961); and *United States v. Picotte,* 12 U.S.C.M.A. 196, 30 C.M.R. 196 (1961) are distinguishable in that they were decided prior to the amendment of the federal kidnapping statute in 1972.