**UNITED STATES, Appellee,**

**v.**

**Private First Class (E–3) Calvin B. SMITH, SSN 569–23–1916, United States Army, Appellant.**

**CM 437622.**

U. S. Army Court of Military Review.

31 Aug. 1979.

Captain James J. Parwulski, JAGC, argued the cause for the appellant. With him

on the brief were Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, Major D. David Hostler, JAGC, and Captain Jan W. Serene, JAGC.

Captain Stephen P. Henderson, JAGC, argued the cause for the appellee. With him on the brief were Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, and Captain Robert D. Newberry, JAGC.

. Before MITCHELL, DRIBBEN and WATKINS, Appellate Military Judges.

### OPINION OF THE COURT

PER CURIAM:

Contrary to his pleas, appellant was convicted of aggravated kidnapping, communicating a threat, and assault consummated by a battery, in violation of Articles 134 and 128, Uniform Code of Military Justice (U.C.M.J.), 10 U.S.C. §§ 934 and 928, respectively. Appellant was tried at Fort Bliss, Texas. The sentence as approved provided for a bad-conduct discharge, confinement at hard labor for one year, forfeiture of all pay and allowances and reduction to Private E–1.

The kidnapping offense was charged under Article 134, UCMJ, as a violation of Texas, Penal Code Annotated § 20.04 (1974) (aggravated kidnapping), as assimilated by Title 18 United States Code § 13 (Assimilative Crimes Act). The latter statute provides:

Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

As was pointed out in *United States v. Perkins*, 6 M.J. 602 (A.C.M.R.1978), The Assimilative Crimes Act's purpose is to fill the gaps in criminal law on federal reservations by assimilating the local state law. *Id.* at 603.

Charging in this manner was improper in this case as a specific federal statute, 18 U.S.C. § 1201 (1976), covers the offense of kidnapping.[1] *See United States v. Perkins, supra.* Nevertheless, we must still decide whether all of the essentials of a violation of § 1201 have been alleged in the specification in question. If so, then we may affirm the conviction, provided the accused was not misled in his defense. We reach our conclusion in the following manner.

As was pointed out in *United States v. Dawkins*, 7 M.J. 720 (A.C.M.R.1979), it is well settled in the civilian Federal Courts that an incorrect statutory reference in an indictment does not require reversal where all the essential elements of the correct statute are otherwise covered. This proposition is also true in military law. Paragraph 27, Manual for Courts-Martial, United States, 1969 (Revised edition) provides in part that "[n]either the designation of a wrong article nor failure to designate any article is ordinarily material, provided the specification alleges an offense of which courts-martial have jurisdiction."

The basic difference between the Texas Statute [2] and 18 U.S.C. § 1201, is that

---

1. § 1201. Kidnapping

(a) Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when: . . .

(2) any such act against the person is done within the special maritime and territorial jurisdiction of the United States; . . .

shall be punishable by imprisonment for any term of years or for life.

2. § 20.04. Aggravated Kidnapping

(a) A person commits an offense if he intentionally or knowingly abducts another person with the intent to:

(1) hold him for ransom or reward;

(2) use him as a shield or hostage;

the Texas law requires proof that the accused knowingly and intentionally abducted another person with the intent to inflict injury or to terrorize, etc. The federal statute forbids the unlawful seizing . . . abducting . . . etc. . . . and holding of another for ransom or "otherwise." Thus, the Texas statute requires that the abduction be for a particular enumerated purpose, while under the Federal law the purpose of the kidnapping is irrelevant. Even if the purpose of the kidnapping is not itself illegal the kidnapping is still prohibited by the federal statute. *United States v. Healey*, 376 U.S. 75, 84 S.Ct. 553, 11 L.Ed.2d 527 (1964).[3] Accordingly, we find that the federal statute was encompassed within the specification as the only material difference between the two is the requirement of alleging and proving the purpose under the Texas law. *See Dawkins, supra.*

■ In arriving at this conclusion we must also decide a related issue raised by appellant. That is whether the specification failed to allege an offense by not alleging that the abduction was "unlawful." 18 U.S.C. § 1201 prohibits an "unlawful" abduction. The Texas statute does not use the same term. Rather the specification here in question consistent with Texas law avers a *knowing* and *intentional* abduction for the purpose of inflicting bodily harm and to terrorize. We find this factual allegation sufficiently alleges the unlawfulness of the act. As the Court of Military Appeals has pointed out, it is unnecessary to include words imputing criminality[4] in a specification, the averment of which implicitly contains a charge that the acts there set out are in themselves criminal. *United States v. Gaskin*, 12 U.S.C.M.A. 419, 31

C.M.R. 5 (1961); *see United States v. Bunch*, 3 U.S.C.M.A. 186, 11 C.M.R. 186 (1953). The specification here, unlike that in *United States v. Morris*, 21 C.M.R. 477 (A.B.R.1956), relied on by appellant, makes clear the unlawfulness of appellant's act. In *Morris*, the specification merely alleged that the accused, an Military Policeman (M.P.), "forcibly carried off" his victim in violation of an Indiana statute and 18 U.S.C. § 13. As there may be many situations in which an M.P. may lawfully carry off a person the specification was insufficient as it did not exclude any possibility that the accused's behavior was accidental or that the conduct charged could reasonably be interpreted as innocent. *See Gaskin, supra*, at 7. However, here there is no possibility of interpreting the charged conduct as accidental or innocent. Under no circumstance may a military police officer abduct a person for the purpose of inflicting injury or to terrorize.

■ In sum, the specification fairly informed appellant that he was to defend himself against the offense of kidnapping; it contains all of the essential elements of proof as the offense is defined in 18 U.S.C. § 1201 (1976); and it affords protection against future prosecutions for the same offense. *See Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974). Additionally, we find a reduction in sentence is not required as the sentence permitted under the state law was less than that of § 1201. *See Dawkins, supra* at 724.

■ One other alleged error raised by appellant requires brief comment. He claims that the kidnapping, the communication of a threat and the assault were multiplicious for sentencing purposes. We find they are not. Although the "single inte-

(3) facilitate the commission of a felony or the flight after the attempt or commission of a felony;

(4) inflict bodily injury on him or violate or abuse him sexually;

(5) terrorize him or a third person; or

(6) interfere with the performance of any governmental or political function.

**3.** Although 18 U.S.C. § 1201 was amended in 1972 (*inter alia* enlarging jurisdiction to include

kidnapping done in an area of Federal territorial jurisdiction) that change did not affect the *Healy* ruling that the purpose of the kidnapping was of no import. *See, e. g., United States v. Cavallaro*, 553 F.2d 300, 303–4 (2d Cir. 1977); *United States v. Atchison*, 524 F.2d 367 (7th Cir. 1975).

**4.** Words such as unlawfully, wrongfully, etc., *see* paragraph 28a, MCM 1969 (Rev.).

grated transaction" test and the "single impulse" test have been applied to determine multiplicity, neither should be used as a talisman to overcome more penetrating analysis, when there are two or more distinct criminal acts arising out of one transaction or course of conduct. *United States v. Rose*, 6 M.J. 754 (N.C.M.R.1978). In this case the kidnapping occurred first, subsequently appellant threatened to kill his victim, and then later assaulted her. Each was a separate and distinct offense. Our case is unlike *United States v. Johnson*, 42 C.M.R. 630 (A.C.M.R.1970), relied on by appellant, as in *Johnson* the assault and resisting apprehension were part of, or facilitated, the kidnapping. Here the kidnapping had been completed when the threat and assault occurred. Regardless, the accused was not prejudiced by the military judge's instruction that the maximum sentence included confinement for twenty-three and one-half years as the adjudged sentence included confinement for only one year, one-twentieth the amount of confinement permitted if the offenses of assault and communication of a threat were multiplicious with the Texas statute and less than that fraction of the maximum under the federal law. *See United States v. Weaver*, 18 U.S.C.M.A. 173, 177, 39 C.M.R. 173, 177 (1969).

Only so much of the finding of guilty of Specification 1 of Charge I as finds that appellant did at Fort Bliss, Texas, a military installation under exclusive federal jurisdiction, on or about 5 April 1978, intentionally and knowingly abduct Laura M. Tovar to intentionally inflict bodily harm upon and to terrorize her by wrongfully and unlawfully using force and intimidation and threats to intentionally prevent her liberation by secreting and holding her in a place she was not likely to be found and by using and threatening to use deadly force, is affirmed. The remaining findings of guilty and the sentence are affirmed.

Senior Judge MITCHELL concurs in result only.