# UNITED STATES

### v.

**Airman First Class Carlos D. WILLIAMS, FR 233–94–6995, United States Air Force.**

**ACM 22546.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 26 April 1979.

Decided 4 March 1980.

---

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Major Wade B.

Morrison. Captain George D. Cato and Captain Clinton C. Pearson filed a brief on behalf of the accused.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Robert T. Mounts.

Before HERMAN, ARROWOOD and MILES, Appellate Military Judges.

## DECISION

MILES, Judge:

Consistent with his pleas, accused was convicted of rape and kidnapping in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 934.[1] He was sentenced by a general court-martial with members to a dishonorable discharge, confinement at hard labor for twenty years, total forfeitures and reduction to airman basic. The convening authority approved the sentence after reducing the forfeitures to $250.00 per month for 12 months.

We hold that the accused was properly convicted and sentenced for separate offenses of rape and kidnapping,[2] but grant the accused sentence relief by reducing the confinement to twelve years, as appropriate under the facts of this case.

At approximately 10:00 p. m. on a Sunday evening, 26 February 1979, the accused, an off-duty security policeman, confronted the victim, a young female airman near her barracks. She was on temporary duty at Elmendorf Air Force Base, Alaska, and they were strangers. After initially asking directions, the accused brandished a .357 magnum pistol, grabbed her by the arm and forced her into his nearby 1966 red Volkswagen. While driving on base some 20 to 25 minutes, he ordered her to remove her pants and panties, fondled her sexually and

---

1. A separate charge of assault with a dangerous weapon was dismissed by the military judge prior to findings as multiplicious.

2. Although charged as a violation of the Alaskan Code under the Assimilative Crimes Act, the kidnapping should have been charged under 18 U.S.C. § 1201. However, the accused could not have been misled or prejudiced by the erroneous citation to the Alaskan law and the Assimilative Crimes Act. *United States v. Smith*, 8 M.J. 522 (A.C.M.R.1979); *United States v. Dawkins*, 7 M.J. 720 (A.C.M.R.1979), pet. denied, 7 M.J. 468 (C.M.A.1979).

directed her to fondle him. After stopping in a deserted area of the base, he ordered her into the back seat. There, he forcibly had intercourse with her some 20 minutes while fondling her breasts and kissing her. He then drove her back to the barracks area. Before he allowed her to leave the car, he extracted a promise from her not to report the incident under a threat of returning and causing her harm. The victim then left the car, returned to her barracks and called the police. Through the victim's description of the accused's car, he was apprehended the following afternoon while shopping with his wife and two daughters at the base exchange. After his arrest, he voluntarily signed a statement admitting his complicity.

At trial, accused presented psychiatric evidence of an adjustment reaction to adult life, compounded by habitual excessive drinking and an anti-social, sociopathic or psychopathic style of thinking. The evidence indicated the accused had a mental disease which, to some extent less than substantially, impaired his capacity to conform his conduct to the requirements of the law. Evidence from the accused's wife indicated accused may have drunk almost a bottle of tequilla on the afternoon and evening of the offenses.

A number of errors are asserted by appellant's counsel, all of which we have considered and resolved adversely to the accused. Nonetheless, several require discussion. Counsel argue that in light of the legislative intent behind the federal kidnapping statute, the facts of this case will not support a conviction of kidnapping in addition to rape.

It is true that several states have held that not every asportation of the victim of a rape or robbery warrants a separate charge of kidnapping. *People v. Daniels*, 71 Cal.2d 1119, 80 Cal.Rptr. 897, 459 P.2d 225 (1969); *People v. Levy*, 15 N.Y.2d 159, 256 N.Y.S.2d 793, 204 N.E.2d 842 (1965). Through judicial construction of legislative intent, these cases restrict the literal words of kidnapping statutes because of prosecutorial overcharging. But such an interpretation of kidnapping statutes has been rejected by the United States Court of Military Appeals[3] as well as by other federal courts.[4] Moreover, such constructions, when adopted, are only appropriate when the forced movements of the victim are slight and incidental to the commission of the rape, robbery or other offense, and there is no substantial risk of harm to the victim, other than that inherent in the rape or robbery itself.[5]

In this case, there was a substantial risk of harm other than that inherent in the rape itself. After the victim was forced into accused's car, she was driven over isolated and lonely roads to a desolate part of the base where the rape occurred. The accused even indicated that his intent to rape was not formed until after the abduction began. There was snow on the ground, and at any time the victim faced the possibility of being forcibly ejected into the arctic winter night in an unfamiliar area. These facts reveal a greater risk to the victim, and a distinct and separate offense of kidnapping.

Counsel also assert that the offenses of kidnapping and rape are multiplicious for sentencing purposes as they arose from a single impulse and out of the same transaction. We disagree, and hold that accused was properly charged, convicted and sentenced for distinctly separate offenses. *United States v. Burney*, 21 U.S.C.M.A. 71,

3. *United States v. Charlton*, 18 U.S.C.M.A. 141, 39 C.M.R. 141 (1969), construing the District of Columbia Code.

4. See *United States v. Young*, 512 F.2d 321 (4th Cir. 1975), cert. denied, 424 U.S. 956, 96 S.Ct. 1432, 47 L.Ed.2d 362 (1976); *United States v. Wolford*, 444 F.2d 876 (D.C.Cir.1971); *Smith v. United States*, 407 F.2d 356 (8th Cir. 1969), cert. denied, 395 U.S. 966, 89 S.Ct. 2113, 23

L.Ed.2d 753 (1969); *DeHerrera v. United States*, 339 F.2d 587 (10th Cir. 1964); *Poindexter v. United States*, 139 F.2d 158 (8th Cir. 1943). *Contra, Government of Virgin Islands v. Berry*, 604 F.2d 221 (3rd Cir. 1979) (construing Virgin Islands Statute).

5. Annot., 43 A.L.R.3d 699 (1972), and supplement thereto.

44 C.M.R. 125 (1971); *United States v. Weaver*, 18 U.S.C.M.A. 173, 39 C.M.R. 173 (1969); *United States v. Smith, supra, United States v. Dearman*, 7 M.J. 713 (A.C.M.R. 1979), pet. denied, 7 M.J. 376 (C.M.A.1979); *United States v. Dawkins, supra.* As to accused's assertion of error in trial counsel's argument on sentence, his failure to object waives any resulting error. *United States v. Nelson*, 1 M.J. 235 (CMA1975); *United States v. Pinkney*, 22 U.S.C.M.A. 595, 48 C.M.R. 219 (1974). See also, *United States v. Capps*, 1 M.J. 1184 (A.F.C.M.R.1976).

▮ As to sentence appropriateness, appellant's counsel argue that the average sentence of rape cases reported in the Military Justice Reporter series is 6.82 years. But, in general, these cases did not involve a separate kidnapping. We also adhere to the view that appropriateness of a sentence in a case under review is to be determined on the basis of its own facts and circumstances, not on a comparison with sentences in other cases. *United States v. Capps, supra*, at 1187. However, in view of all the facts and circumstances of this case, including the lack of physical injury to the victim, other than the rape itself, the accused's pleas, his mental disability, and the previous clemency granted, we believe sentence relief is warranted. Accordingly, the findings of guilty and only so much of the sentence as provides for a dishonorable discharge, confinement at hard labor for twelve years, forfeiture of $250.00 per month for 12 months and reduction to airman basic is approved.

HERMAN, Senior Judge, and ARROWOOD, Judge, concur.