Mr. Chester F. Blakemore Executive Director Department of Highway Safety and Motor Vehicles Neil Kirkman Building Tallahassee, Florida 32301
Dear Mr. Blakemore:
This is in response to your request for an opinion on substantially the following question:
 IS THE DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES AUTHORIZED TO ACCEPT REFUSAL TO SUBMIT TO CHEMICAL TEST AFFIDAVITS EXECUTED PURSUANT TO s 322.261, F.S., BY FEDERAL MILITARY SECURITY POLICE ON FEDERAL MILITARY RESERVATIONS AND, BASED THEREON, SUSPEND AN INDIVIDUAL'S DRIVING PRIVILEGES?
Your inquiry notes that Ch. 81-3, Laws of Florida, amended Ch.322, F.S., adding subsections (18) and (19) to s 322.01, to the effect that `court' as used in Ch. 322 includes a federal court having jurisdiction over an offense under any federal law substantially conforming to state statutory provisions regulating the operation of the motor vehicles. Subsection (19) similarly added a broad definition for `conviction,' but since the application and enforcement of s 322.261 does not involve or depend on a `conviction' that amendment is not pertinent here.
Your letter also states that Ch. 81-3, Laws of Florida, was passed by the Legislature in response to AGO 080-103, which concluded that your department was not authorized by the provisions of Chapter 322, F.S., to record on a state-licensed driver's record evidence of federal convictions or, based thereon, to suspend or revoke an individual's driving privileges for being convicted in federal court of a violation of federal law relating to traffic offenses occurring on federal reservations. And, you also state that since the effective date of Ch. 81-3, at least one federal reservation, Eglin Air Force Base, has utilized the provisions of s 322.261.
Thus, you ask if the department is authorized to accept refusal to submit to chemical test affidavits executed under the above-referenced statute by federal military security police on federal military reservations and based thereon, suspend an individual's driving privileges as provided in s 322.261(1)(d) and (e), F.S. Your letter states that you have directed the Division of Driver Licenses not to accept such affidavits pending receipt of this opinion.
Section 322.261, Florida's `Implied Consent Law' provides in pertinent part:
 (1)(a) Any person who shall accept the privilege extended by the laws of this state of operating a motor vehicle within this state shall by so operating such vehicle be deemed to have given his consent to submit to an approved chemical test of his breath for the purpose of determining the alcoholic content of his blood if he is lawfully arrested for any offense allegedly committed while the person was driving a motor vehicle under the influence of alcoholic beverages. The test shall be incidental to a lawful arrest and administered at the request of a peace officer having reasonable cause to believe such person was driving a motor vehicle within this state while under the influence of alcoholic beverages. Such person shall be told that his failure to submit to such a chemical test will result in the suspension of his privilege to operate a motor vehicle for a period of 3 months. (e.s.)
 (d) If any such person refuses the officer's request to submit to a chemical test herein provided, the department, upon receipt of the officer's sworn statement that he had reasonable cause to believe such person had been driving a motor vehicle within this state while under the influence of alcoholic beverages and that the person had refused to submit to the test after being requested by the officer, shall suspend his privilege to operate a motor vehicle for a period of 3 months. No suspension shall become effective until 10 days after the given of written notice thereof, as provided for in paragraph (e). (e.s.)
 (e) The department shall immediately send notification to such person, in writing by certified mail to his last known address furnished to the department, of the action taken and of his right to petition for hearing as hereinafter provided
and to be represented at the hearing by legal counsel. Such mailing by the department will constitute notification as required by this section, and any failure by the person to receive such notification will not affect or stay such suspension order. Upon his petition in writing, a copy of which he shall forward to the department, being filed within 10 days from the date of receipt of the notice, directed to the municipal, county, or state court having trial jurisdiction of the offense for which he shall stand charged such person shall be afforded an opportunity for a hearing at a time to be set by the court, which hearing date shall be within 20 days of the filing of the petition with the court. (e.s.)
The 1981 amendments to Ch. 322 which added subsection (18) to s322.01 failed to amend s 322.261(1)(e). That paragraph continues to expressly provide that the petition for hearing be `directed to the municipal, county, or state court having trial jurisdiction ofthe offense . . . charged . . . .' (e.s.) The statute omits any mention of federal court jurisdiction. The notice and hearing procedures set forth in paragraph (e) are an essential part of the application and administrative enforcement of the `Implied Consent Law.' Yet, in the event that the offense charged were a violation of Florida criminal law, such as s 316.193, F.S. (driving under the influence of alcoholic beverages), and if this offense were committed on a federal military reservation, it would be an offense against federal, not state, law ( see infra discussion of18 U.S.C. § 13) and pursuant to s 322.261(1)(e) the only court which would have jurisdiction of (1) the offense charged and (2) the paragraph (e) hearing would be a federal district court. The latter conclusion assumes that s 322.261 has been assimilated into federal law by 18 U.S.C. § 13, but as noted below, it very likely has not been incorporated into federal law.
AGO 080-103 noted that persons operating motor vehicles on federal reservations within Florida are not subject to Florida traffic laws. Instead, the `Assimilative Crimes Act,' 18 U.S.C. § 13, has the effect of adopting for those areas of a state under federal jurisdiction (as described in 18 U.S.C. §; 7) that state's criminal laws. This assimilation of state criminal law is effective only to the extent that such conduct is not made penal by federal law. And, it has been held that the purpose of this law is to fill in the gaps in criminal law on federal reservations by assimilating local law. U.S. v. Smith, ACMR 1979, 8 M.J. 522. Thus, s 322.261, F.S., which is not a criminal statute and does not prescribe any criminal penalties, apparently has not been incorporated into federal law by the Assimilative Crimes Act. In U.S. v. Rowe,599 F.2d 1319 (4 Cir. 1979), the Fourth Circuit held that a Virginia law allowing suspension of a driver's license because of refusal to submit to a breathalyzer test had not been assimilated into federal law because 18 U.S.C. § 13 incorporates only the criminal
laws of the jurisdiction within which the federal enclave exists. See also U.S. v. Best, 573 F.2d 1095 (9 Cir. 1978). Thus, if s 322.261, a non-criminal statute, has not been incorporated into federal law, then it would appear that the federal military security police on a military reservation in Florida would not be authorized to execute and submit to the department the refusal to submit to chemical test affidavit provided in and for the purposes of s 322.261(1)(d) and (e), F.S., and the department would not be authorized, based thereon, to suspend an individual's driving privileges as therein provided. While I must note that the question of assimilation, vel non, of state law into federal law, as set forth above, is a question best reserved for the federal courts, it does appear from the information and authorities available to me that s 322.261 has probably not been incorporated into federal law, and that the provisions of s 322.261(1)(d) and (e), F.S., probably do not apply on federal reservations such as Eglin Air Force Base.
In summary, it is my opinion that unless and until legislatively or judicially determined otherwise, the Department of Highway Safety and Motor Vehicles is not authorized to accept or honor refusal to submit to chemical test affidavits executed pursuant to s 322.261, F.S., by federal military security police on federal military reservations, and the department would not be authorized, based thereon, to suspend an individual's driving privileges as provided in s 322.261(1)(d) and (e), F.S.
Sincerely,
Jim Smith, Attorney General
Prepared by: Anne Curtis Terry, Assistant Attorney General