## UNITED STATES

v.

**Thomas CHILDRESS, 166 48 6607 Private E–1 U. S. Marine Corps.**

**NCM 75 1569.**

U. S. Navy Court of Military Review.

Sentenced Adjudged 10 March 1975.
Decided 12 Nov. 1975.

1ST LT, Jay C. Keithley, USMC, Appellate Defense Counsel.

1ST LT, Ronald J. Waicukauski, USMCR, Appellate Government Counsel.

GREGORY, Judge:

Appellant was convicted at a general court-martial bench trial of wrongful possession and wrongful introduction aboard a naval installation of 357.4 grams of marijuana, in violation of U. S. Navy Regulations, 1973, and Article 92, Uniform Code of Military Justice. He was sentenced to a bad conduct discharge, confinement at hard labor for ten months, and forfeiture of all pay and allowances. The convening authority has approved the findings and sentence without modification.

Appellant alleges the following errors: I. THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT BY ADMITTING INTO EVIDENCE PROSECUTION EXHIBIT 1 OVER DEFENSE OBJECTION

THAT CONSENT TO SEARCH HAD NOT BEEN FREELY AND VOLUNTARILY GIVEN.

II. THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT BY ADMITTING INTO EVIDENCE PROSECUTION EXHIBIT 2 OVER DEFENSE OBJECTION THAT SAID EXHIBIT WAS FRUIT OF THE POISON TREE.

We disagree and affirm.

The two assignments of error are related. Prosecution exhibit 1 was the bag of marijuana seized by Marine CID agents, following a search of the vehicle in which appellant had been riding. Prosecution exhibit 2 is the appellant's incriminating written statement, made to a CID Agent two and one-half days after the seizure.

Based on information provided by an informant, a vehicle driven by a Private Taylor was stopped by military police as it entered the main gate of Marine Corps Air Station, Cherry Point, North Carolina. Appellant was a passenger. The occupants of the vehicle were detained at the gate in the Provost Marshal's Office, pending the arrival of two criminal investigators, Sergeant Walters and Sergeant Cook. When the investigators arrived, Sergeant Walters advised Private Taylor that the vehicle was believed to be carrying an "undetermined amount of suspected marijuana" and requested Private Taylor's permission to search the vehicle, a 1969 Ford Van. Sergeant Walters also advised Private Taylor that "you do not have to let me search it if you don't want to." Private Taylor reportedly responded "it's not my van", whereupon Sergeant Walters told him that as driver of the vehicle he had authority to consent to the search. The evidence indicates that Private Taylor did not respond immediately and appeared to consider the matter for about one minute. Private Taylor then replied "well, okay, fine, go ahead and search it." The ensuing search located the marijuana in the rear of the van. These events transpired on the evening of 5 October 1974. On the morning of 8 October 1974, appellant reported to the Provost Marshal's Office where he was questioned by Sergeant Cook. After being reminded of his alleged possession of marijuana of a few nights before, appellant made a detailed statement of his involvement.

Appellant contends that Private Taylor did not give true consent to the search, but merely acquiesced or submitted to authority. Appellant correctly points out that apparently no effort was made to obtain the judicially preferable search warrant or to contact the owner of the vehicle. He also points out that Private Taylor was being detained by the military police at the time he was asked for his consent to the search, and that the testimony of Sergeants Walters and Cook is unclear as to whether Private Taylor was advised of his rights pursuant to Article 31, UCMJ, prior to obtaining his permission to search.

This appellant, Private Childress, clearly has standing to challenge the legality of the search in this case. It also is clear that Private Taylor, who had borrowed the vehicle and was driving it with the permission of the owner, was empowered to freely consent to a search of the vehicle. *See* Paragraph 152, MCM, 1969, (Rev.). The issue crucial to this case is whether the consent of Private Taylor was freely given. As stated in appellant's brief, the existence or non-existence of valid consent is a fact-sensitive issue and must be determined on an individual case approach. The Court of Military Appeals has consistently followed this approach in cases involving consent to a search, indicating each case must be decided upon its own facts with precedents being of doubtful value. *United States v. Justice*, 13 U.S.C.M.A. 31, 32 C.M.R. 31 (1962); *United States v. Decker*, 16 U.S.C.M.A. 397, 37 C.M.R. 17 (1966). With this in mind, we approach appellant's case with the distinct understanding that the Government must prove by clear and convincing evidence that consent to the search was freely and voluntarily given. *United States v. Watkins*, 22 U.S.C.M.A. 270, 46 C.M.R. 270 (1973); *United States v. Rushing*, 17 U.S.C.M.A. 298, 38 C.M.R. 96 (1967). We believe that standard has been met by the Government in this case.

 At the time of giving his consent, Private Taylor had not been apprehended; however, he was being detained at the Provost Marshal's Office and was not free to leave. Special caution is required when consent to search is obtained from a person in police custody. *United States v. Decker, supra.* In this case, however, the decision of Private Taylor whether to consent appears to have been a free one and not affected by his detention. Sergeant Walters and Sergeant Cook both advised Private Taylor on separate occasions that he was free not to consent to the search. [R. 29, 30, 39, 54]. There is no indication of any coercion, threats, or improper influence being used against Private Taylor. He apparently carefully contemplated his decision and then made it.

The Court of Military Appeals has stated that police are not under an obligation to advise an accused in custody that he has a right to refuse consent to a search but that "the giving of such preliminary advice may be strong evidence that the individual's assent to the search was voluntary." *United States v. Noreen,* 23 U.S.C.M.A. 212, 49 C.M.R. 1 (1974). The Court has also held that advice pursuant to Article 31, UCMJ, although essential to an interrogation, is not a prerequisite to a lawful search. *United States v. Insani,* 10 U.S.C.M.A. 519, 28 C.M.R. 85 (1959). The actions of Sergeant Walters and Sergeant Cook are considered to have been completely proper and not to have hindered the ability of Private Taylor to make an unfettered decision concerning consent to search.

The issue of consent to the search was well developed and litigated at trial. Our review of the record indicates that the military judge's ruling that consent was freely and voluntarily given was fully supported by the evidence.

Therefore, we find no merit in appellant's first assignment of error. Since the second assignment of error, dealing with appellant's extra-judicial statement, is entirely dependent on the legality of the prior search, we also find no merit in this assignment.

Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.

Senior Judge EVANS and Judge MALLERY concur.