UNITED STATES

v.

Airman Basic Gerard E. SIMPSON, FR 549–45–3874, United States Air Force.

ACM S25312.

U. S. Air Force Court of Military Review.

Sentence Adjudged 30 Jan. 1981.

Decided 10 Dec. 1981.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain Alexander S. Nicholas.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Sidney L. Wieser, USAFR.

Before HODGSON, POWELL and MILLER, Appellate Military Judges.

DECISION

HODGSON, Chief Judge:

Tried by special court-martial with members, the accused was convicted, pursuant to his pleas, of disobeying a lawful order and absence without leave and, despite his pleas, of larceny, disobeying a superior commissioned officer and making a false official statement, in violation of Articles 92, 86, 121, 90 and 107, Uniform Code of Military Justice, 10 U.S.C.A. §§ 892, 886, 921, 890 and 907. He was sentenced to a bad conduct discharge, three months confinement at hard labor, and forfeiture of $334.00 per month for three months.

We have considered the two assignments of error asserted by appellant defense coun-

sel, and except as discussed below, have resolved each adversely to the accused.

Initially appellant counsel argue that the photographic equipment, the subject of the larceny allegations, was unlawfully seized. It is necessary, therefore, to relate how the stolen property was confiscated. On 31 October 1980, Airman Cameron reported to the authorities that a 35 mm. Minolta camera and flash unit had been stolen from his room; he identified the missing items by name and serial number. He also identified the accused as the possible thief.

On 4 November 1980, the accused was taken into custody by the Jacksonville Police Department.[1] That same afternoon Master Sergeant Brummer, being aware of the missing camera and flash unit, obtained permission from Airman First Class McCoy, the accused's roommate, to search the common areas of the room. Upon entering, Sergeant Brummer saw a 35 mm. Yashica camera on an open bookshelf in the accused's area of the room. He picked up the camera and recorded the serial number. Later he verified this was not the camera reported stolen by Airman Cameron. Sergeant Brummer then gave the serial number to the security police.

That same afternoon Senior Airman Ferguson, who had control of the accused's car, gave Sergeant Brummer permission to search it.[2] Sergeant Brummer found Airman Cameron's Minolta camera and flash unit hidden in the trunk.

On 5 November 1980, Airman Schaffer, whose Yashica camera and telephoto lens were missing since early October, was told of a 35 mm. Yashica camera discovered in the accused's room the previous day. The serial number on Airman Schaffer's camera matched that found in the accused's room. She also provided the authorities the serial number for the still missing telephoto lens.

On 7 November, Sergeant Mason, a security policeman, returned to the accused's room, and after getting permission from Airman McCoy to enter, took the Yashica camera that was still on the bookshelf.

On 10 November while conducting an inventory of the accused's personal effects[3] Sergeant Brummer discovered, in a small bag, the missing telephoto lens belonging to Airman Schaffer. He stopped the inventory, notified the security police, and then resumed the inventory several days later.

II

Appellate counsel concede the lawfulness of Sergeant Brummer's entry into the accused's room and the search of the car based upon the consent of the persons involved, but urge that the recording of the serial numbers of the photographic equipment found therein constituted an unreasonable seizure. They maintain Sergeant Brummer lacked probable cause to record the serial number of the camera found in the accused's room since Airman Cameron was unable to identify it. Further they contend there was no reasonable basis to record the serial numbers of the camera and flash unit found in the accused's car trunk. Finally, they urge the discovery of the telephoto lens during the inventory was tainted by Sergeant Brummer's prior actions. In their view, the articles so identified were neither contraband nor obviously the fruits of a crime.

Since Sergeant Brummer's entry into the accused's room was with the consent of the roommate and was thus lawful, Mil.R.Evid. 314(e); *United States v. Boyce*, 3 M.J. 711 (A.F.C.M.R.1977); the narrow issue to be decided is whether the warrantless seizure of the Yashica camera three days later by Sergeant Mason was proper.

---

1. He was escorted by Sergeant Brummer, his first Sergeant, to the building where the arrest was made.

2. The accused had given Ferguson the car in early September because he was barred from driving on base. Ferguson kept it at his off-base residence, where he maintained and drove it whenever he wanted.

3. Since the accused was absent without leave an inventory of his personal effects was required. *See* Air Force Manual 67–1, Volume I, Part III, paragraph 76b(1), 16 June 1975.

In *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971) the United States Supreme Court, in a wide-ranging plurality opinion, announced the criteria to be followed in justifying warrantless seizures. These were:

(1) search warrant for another object: (plain view doctrine);

(2) hot pursuit;

(3) search incident to a lawful arrest; or

(4) Some other legitimate reason for being present *unconnected* with a search directed against the accused. [Emphasis added.]

Further, exigent circumstances, i.e., removal or destruction of the evidence is likely and imminent, must exist to justify an intrusion to seize objects without a warrant.

■ The facts clearly establish that none of above factors were present either when Sergeant Brummer first entered the room or when Sergeant Mason entered and took the camera.[4] Sergeant Brummer's initial entry was based on his suspicion that the accused was the thief. Sergeant Mason's later return was founded on the knowledge that the camera was still there. Further, there was no likelihood of the evidence being removed either then or later as the accused had been in the custody of the local police since the afternoon of 4 November.

Accordingly, we hold there was no justification for the warrantless seizure of the Yashica camera by Sergeant Mason. We further hold that the "inventory" by Sergeant Brummer on 10 November that ceased the moment he found the missing telephoto lens and was not resumed until approximately three days later, was tainted by his prior actions. Therefore the conviction of larceny of the Yashica camera and telephoto lens (Specification 2 of Charge I) cannot be sustained.

■ We find, however, no flaw in the discovery of the Minolta camera and flash unit (Specification 1 of Charge II). Appellate counsel concede that the search of the car was lawful, and we concur. MRE 314(e); *Boyce*, supra; *United States v. Childress*, 2 M.J. 1292 (N.C.M.R.1975). As we held in *United States v. Van Hoose*, 11 M.J. 878 (A.F.C.M.R.1981):

The determination of what may be properly seized usually involves fitting any item found within the *general or specific description* of items sought, or offenses under investigation . . . (*Emphasis* supplied).

There is certainly a connection between the offense under investigation, i.e., theft of a Minolta camera and flash unit and the possession of a Minolta camera and flash unit by a suspected offender. *See United States v. Clark*, 531 F.2d 928 (8th Cir. 1976). The discovered camera fit the "general description" of the item reported stolen. Minolta 35 mm. cameras number into the millions and a comparison of serial numbers is normally necessary to disclose whether the item is stolen.

We think it reasonable to allow steps to be taken that will narrow a general category to a more specific one; thus the recording of photographic equipment serial numbers, does not constitute an unlawful seizure. *See United States v. Johnson*, 413 F.2d 1396 (5th Cir. 1969).

### III

■ Finally, appellate counsel urge that the trial counsel improperly suggested to the court during his argument on sentencing that the convening authority had already exercised clemency by referring the case to a special court-martial. There was no objection by counsel. The failure of

---

4. Under the facts of this case we find no fault with Sergeant Brummer recording the serial number on the camera he saw in the accused's room. Being on the premises lawfully, i.e., consent of the roommate, anything he saw in the open *could have* provided a basis to obtain an authorization to search. *State v. Glover*, 60 Ohio App.2d 283, 396 N.E.2d 1064 (1978); *State v. Nichols*, 20 Wash.App. 462, 581 P.2d 1371 (1978); cf. *Brown v. State*, 15 Md.App. 584, 292 A.2d 762 (1972).

defense counsel to object to the argument of the trial counsel waives any error. *United States v. Williams*, 8 M.J. 826 (A.F.C.M. R.1980) and cases cited therein; *United States v. Cain*, 5 M.J. 844 (A.C.M.R.1978).

The finding of guilty of Specification 2, Charge I is set aside and the specification is ordered dismissed. The remaining findings of guilty are correct in law and fact. In view of the foregoing, we have reassessed the sentence but find it nonetheless appropriate. The findings of guilty, as modified, and the sentence are

AFFIRMED.

POWELL, Senior Judge, and MILLER, Judge concur.