UNITED STATES, Appellee,

v.

Private First Class Ronald S. ROBIN-SON, SSN 560–82–5628, United States Army, Appellant.

CM 442473.

U.S. Army Court of Military Review.

29 April 1983.

Colonel William G. Eckhardt, JAGC, Captain David M. England, JAGC, and Captain Paul J. Moriarty, JAGC, were on the pleadings for appellant.

Colonel R.R. Boller, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Captain Richard P. Laverdure, JAGC, and Major Michael R. Smythers, JAGC, were on the pleadings for appellee.

Before HANSEN, MILLER and BADAMI, Appellate Military Judges.

. OPINION OF THE COURT

BADAMI, Judge:

Appellant, contrary to his pleas, was convicted at a general court-martial, military judge alone, of possession of heroin in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1976). The convening authority approved the sentence of a dishonorable discharge, confinement at hard labor for one year, total forfeitures, and reduction to Private E–1.

■ In the early morning hours of 31 October 1981, appellant arrived by train from Frankfurt, Germany, at the Mainz, Germany, train station. Military Police Investigator (MPI) Juzdowski approached appellant while participating in a "citizen contact" operation to ask appellant if he had any information about criminal activity in Frankfurt or Mainz. Juzdowski identified himself to appellant and explained his purpose. He asked appellant for his military identification card which appellant presented. Juzdowski recorded appellant's name and returned the card to appellant. As Juzdowski interviewed appellant about any knowledge he might have concerning criminal activity, appellant became nervous and evasive. After receiving negative answers to his questions, Juzdowski asked appellant if he would consent to a search. Appellant raised both hands over his head and said yes. Juzdowski then asked appellant if he would go with him to the railroad police annex to avoid any public embarrassment. Appellant agreed. During the ensuing search in a private room in the police station, heroin was found in appellant's wallet.

MPI Juzdowski was dressed in civilian clothes, did not show his service weapon, nor is there any evidence of physical touching of the appellant, nor abusive language being used. Another MPI followed a similar procedure with appellant's roommate who had traveled with appellant on the train. The roommate testified that he and appellant were asked if they consented to a search. The appellant and the roommate indicated they felt somewhat compelled to comply to the MPI's request that they consent to the search.

Repeating his basic objection at trial, appellant contends that the questioning by the MPI was an unconstitutional seizure. We disagree.

■ As summarized in *United States v. Black,* 675 F.2d 129 (7th Cir.1982), case law has developed three tiers or categories of police-citizen encounters. The first, an arrest, is characterized by highly intrusive or lengthy search or detention; the Fourth Amendment requires that such an arrest be justified by probable cause to believe that a person has committed or is committing a crime. *See e.g. Dunaway v. New York,* 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979); *Beck v. Ohio,* 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). The second category, the investigatory stop, is limited to brief, nonintrusive detention during a frisk for weapons or preliminary questioning; this type of encounter is also considered a "seizure" sufficient to invoke Fourth Amendment safeguards, but because of its less intrusive character requires only that the stopping officer have specific and articulable facts sufficient to give rise to reasonable suspicion that a person has committed or is committing a crime. *United States v. Brignoni-Ponce,* 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975); *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The third category of police-citizen encounter is that in which no restraint of the liberty of the citizen is implicated, but the voluntary cooperation of the citizen is elicited through noncoercive questioning; this type of contact does not rise to the level of a seizure. *United States v. Men-*

*denhall,* 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980).

Viewing the facts of the case at bar, we find they properly fall into the third category. Appellant's reliance on *United States v. Foster,* 11 M.J. 530 (A.C.M.R.1981) is misplaced. While the location of the crimes both occurred in the same railroad station, the procedures followed were substantially different in detail. In *Foster* the Court observed with particular concern the agent's demand for and retention of the accused's identification card, thereby effectively restraining his liberty. Also distinguishable is the recent Supreme Court case of *Florida v. Royer,* —— U.S. ——, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983). In *Royer* a citizen-police encounter by Dade County officers using a "drug courier profile" at Miami International Airport, was elevated to a "seizure" where the officers conducting the encounter retained possession of the suspect's airline ticket and luggage.

Still the Government has the burden of proving that the necessary consent to search was obtained and that it was freely and voluntarily given, a burden that is not satisfied by showing a mere submission to a claim of lawful authority. *Lo-Ji Sales, Inc. v. New York,* 442 U.S. 319, 99 S.Ct. 2319, 60 L.Ed.2d 920 (1979); *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); *United States v. Childress,* 2 M.J. 1292 (N.C.M.R.1975).

Below, the military judge made special findings which are amply supported by the evidence. Those findings were: (1) that the initial stop did not amount to a seizure; (2) that appellant was not questioned as a suspect but as a concerned citizen who might have knowledge of criminal activities; (3) that there was no restraint upon appellant's physical movement; (4) that the showing of police identification and asking for appellant's ID card did not constitute a show of authority for purposes of establishing a constructive seizure, (5) that appellant was free to walk away and disregard the questions, and (6) that the consent to be searched and the consent to accompany Juzdowski to the police station annex were

voluntary. The facts and circumstances show that appellant voluntarily consented to the search. Reviewing all of the evidence we find the procedures followed in this case did not abridge the constitutional protections asserted by the appellant.

The remaining errors assigned by appellant are meritless and do not warrant discussion.

The findings of guilty and the sentence are affirmed.

Chief Judge HANSEN and Senior Judge MILLER concur.